# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01331-COA

**BRENDA CRATER**                                                **APPELLANT**

**v.**

**BANK OF NEW YORK MELLON, AS TRUSTEE**           **APPELLEE**
**FOR THE CERTIFICATE HOLDERS OF**
**CWABS INC., ASSET BACKED CERTIFICATES**
**2004-10, CWABS INC., ASSET BACKED**
**CERTIFICATES 2004-10**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2015 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DRAYTON D. BERKLEY |
| ATTORNEYS FOR APPELLEE: | CLARENCE WEBSTER III |
| | KATHLEEN SHIELDS O'BEIRNE |
| | MEGAN BARBER CONNER |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | DISMISSED APPELLANT'S COMPLAINT AND DENIED MOTION TO ALTER OR AMEND |
| DISPOSITION: | AFFIRMED - 10/18/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. This is an appeal from DeSoto County Chancery Court following the dismissal of Brenda Crater's complaint, and the subsequent denial of her motion to amend her complaint, filed after Bank of New York Mellon (Mellon) initiated a foreclosure action on the deed of trust on Crater's home. Finding no error, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2.    In June 2004, Crater purchased a home and financed the home through a loan obtained from Home Loan Corporation doing business as Expanded Mortgage Credit (HLC). Crater secured the loan by a deed of trust executed on June 23, 2004. On March 13, 2008, HLC surrendered its authority to conduct business in Mississippi. On December 6, 2012, Mortgage Electronic Registration System Inc. (MERS), as nominee for HLC, assigned the deed of trust to Mellon. The transfer was recorded in the chancery clerk's office on December 12, 2012. From what this Court can gather, at some point after the assignment to Mellon, Mellon initiated a foreclosure action against Crater.[1]

¶3.    On February 4, 2014, Crater filed a complaint in DeSoto County Chancery Court asserting three causes of action: the assignment of the deed of trust to Mellon without the assignment of the associated promissory note was null and void; Mellon had no standing to appoint a substitute trustee or initiate foreclosure proceedings; and Mellon violated the Mississippi Consumer Protection Act.[2] Crater also requested five forms of relief: a temporary restraining order, a preliminary injunction, a permanent injunction, compelled mediation, and that the arbitration provision contained in the deed of trust be declared unenforceable.

¶4.    On January 30, 2015, Mellon moved to dismiss Crater's complaint for failure to state a claim, arguing that Mellon was entitled to dismissal because the assignment of Crater's

---

[1] Mellon asserted in its response to Crater's motion to alter or amend, filed on May 11, 2015, that, by the date it filed its response, Crater had not made a payment for more than three years. Crater did not subsequently deny Mellon's assertion.

[2] We think it worth noting that Crater did not opt to attack the foreclosure through any statutory avenues. *See* Miss. Code Ann. § 11-5-93 (Rev. 2014) (judicial foreclosure); Miss. Code Ann. § 89-1-55 (Rev. 2011) (nonjudicial foreclosure); Miss. Code Ann. § 89-1-59 (Rev. 2011) (reinstatement of accelerated debt).

deed of trust to Mellon was valid and that Crater did not have standing to dispute the assignment.

¶5. On March 25, 2015, Crater filed a motion to amend her complaint to allege three additional causes of action against HLC: fraudulent inducement, fraudulent concealment, and rescission. She also moved to amend to bring actions against Mellon for violations of 15 U.S.C. § 1635 (2012) of the Truth in Lending Act (TILA), alleging "fraudulent concealment or suppression recission."

¶6. On April 21, 2015, the chancery court entered an order summarily dismissing Crater's claims against Mellon. On May 1, 2015, Crater moved to amend or alter the dismissal order arguing the chancery court should have ruled on her motion to amend before ruling on Mellon's motion to dismiss. On July 28, 2015, the chancery court denied Crater's motion to amend her complaint, stating that Crater's mortgage was not covered under section 1635 of the TILA, as the subject transaction was a residential mortgage and therefore exempted under section 1635(e). Furthermore, the relevant statute of limitations had run. Crater appeals to this Court.

## DISCUSSION

¶7. On appeal, Crater raises two issues: whether her complaint failed to state a claim upon which relief can be granted, and whether the trial court erred by not ruling on her motion to amend her complaint prior to granting Mellon's motion to dismiss. We review de novo the trial court's grant of a motion to dismiss for failure to state a claim. *State v. Bayer Corp.*, 32 So. 3d 496, 501 (¶16) (Miss. 2010). We review the denial of a motion to amend a complaint

under an abuse-of-discretion standard. *Webb v. Braswell*, 930 So. 2d 387, 392-93 (¶8) (Miss. 2006).

## I. The Chancery Court's Dismissal

¶8. On appeal from the chancery court's dismissal, Crater asserts the chancery court erred in granting Mellon's motion to dismiss for failure to state a claim. In support, Crater asserts (1) that she has standing to challenge the assignment from MERS to Mellon as void, and (2) that assigning the deed of trust to Mellon, without also assigning the promissory note, makes the assignment void. With regard to Crater's standing to challenge the assignment, we find she has no standing because she was not a party to that transaction, as a borrower not a party to the assignment of one's security interest has no standing to challenge the assignment of that interest. *Neel v. Fannie Mae*, No. 1:12cv311-HSO-RHW, 2014 WL 977328, at *3 (S.D. Miss. Mar. 12, 2014).

¶9. Crater's second assertion is characterized as the "show me the note" theory, and has been rejected in Mississippi, as Mississippi law does not require a holder to present "an original wet-ink contract in order to be the holder in due course for purposes of initiating a non-judicial foreclosure." *Smith v. Bank of Am. N.A.*, No. 2:11CV120-MPM-JMV, 2012 WL 4320845, at *5 (N.D. Miss. Sept. 20, 2012) (citing *Emmons v. Capital One N.A.*, No. 1:11CV99-RHW, 2012 WL 773288, at *3 (S.D. Miss. Mar. 6, 2012)). Therefore, we find that the chancery court was correct in granting Mellon's motion to dismiss for failure to state a claim upon which relief can be granted. Thus, we find these claims are without merit.

## II. Crater's Amended Complaint

¶10. Crater asserts that the trial court erred by not ruling on her motion to amend her complaint prior to granting Mellon's motion to dismiss. Mississippi Rule of Civil Procedure 15(a) states that when a Mississippi Rule of Civil Procedure 12(b)(6) motion is before the court, leave to amend shall be freely given when justice so requires. M.R.C.P. 15(a). If the facts and circumstances relied upon by a plaintiff may be a proper subject of relief, she should be given the opportunity to test her claim on the merits. *Webb*, 930 So. 2d at 393 (¶9) (citing *Moeller v. Am. Guar. & Liab. Ins.*, 812 So. 2d 953, 962 (¶28) (Miss. 2002)). If it is apparent that the amendment would cause undue prejudice to the opposing party because the amendment would be futile, then leave should not be freely given. *Id.*

¶11. In Crater's amended complaint, she asserts fraudulent inducement, fraudulent concealment, and recission against HLC stemming from the June 23, 2004 execution of Crater's mortgage. HLC is not listed as a party in Crater's complaint, HLC has never been served with process, and Crater's amended complaint does not attempt to join HLC as a necessary party.

¶12. A summons and complaint shall be served upon the defendants. M.R.C.P. 4. "The rules of service of process are to be strictly construed," and "if they [are not] complied with, the court is without jurisdiction unless the defendant appears of his own volition." *Kolikas v. Kolikas*, 821 So. 2d 874, 878 (¶16) (Miss. Ct. App. 2002). Mississippi Rule of Civil Procedure 10(a) states that the title of an action in a complaint "shall include the names of all the parties. . . ." Those not listed as parties on the complaint are not considered parties in the matter. *Prestridge v. City of Petal*, 841 So. 2d 1048, 1060-61 (¶¶58-59) (Miss. 2003).

¶13. As HLC is not a party to Crater's complaint, HLC has never been served with process as required by Mississippi Rules of Civil Procedure 4 and 10, and Crater's amended complaint in no way attempts to join HLC as a necessary party, Crater's claim against HLC does not assert a claim upon which relief can be granted. As this was a claim against HLC, a nonparty, and not Mellon, the actual defendant, there was no chance of recovery by Crater against Mellon on this claim. Thus, this claim is without merit.

¶14. Also in the amended complaint, Crater appears to assert fraudulent concealment against Mellon stemming from the fraudulent-inducement claim she asserts against HLC. "In order to establish fraudulent concealment, there must be shown some act or conduct of an affirmative nature designed to prevent[,] and which does prevent[,] discovery of the claim." *Sanderson Farms Inc. v. Ballard*, 917 So. 2d 783, 790 (¶33) (Miss. 2005). To prove fraudulent concealment, one must "demonstrate that 1) some affirmative act or conduct was done and prevented discovery of a claim, and 2) due diligence was performed on [the part of the plaintiff] to discover [the fraud]." *Id*. In her claim, Crater does not establish either an affirmative act by Mellon or due diligence by Crater. She simply states that Mellon had a duty to disclose the assignment, and that not disclosing the assignment to Crater constituted a nondisclosure, nothing more. Crater's fraud claim is devoid of any factual allegation that suggests Mellon knew of, or attempted to conceal, any fraud against Crater. Thus, this claim is without merit.

¶15. Crater also asserts a claim under section 1641(g) of the TILA, stating that Mellon failed to notify her of the transfer from MERS to Mellon. 15 U.S.C. § 1641(g) (2012).

Section 1641 is governed by the one-year statute of limitations set out in section 1640(e). 15 U.S.C. § 1640(e) (2012). The assignment to Mellon took place on December 6, 2012, and was recorded on December 12, 2012. Under section 1641(g), Mellon was supposed to notify Crater no later than thirty days after the mortgage was assigned. Thus, her claim under section 1641(g) accrued on January 12, 2013, and the statute of limitations on Crater's TILA claim under section 1641(g) had run on January 12, 2014. Crater first filed this action on February 4, 2014, and did not assert her TILA claim until March 25, 2015. Notwithstanding the statute of limitations having run, her amended complaint stated that she exercised her right to rescind pursuant to section 1641(g). There is no right to rescind found under section 1641(g). Thus, this claim is without merit.

¶16. Because the motion to amend asserted claims only against a nonparty, devoid of any factual allegation, after the statute of limitations had run, and sought to exercise a statutory right that does not exist, the claims raised by Crater in her amended complaint were futile. Because the amendment was futile, the chancery court was not required to grant leave for the amendment. Therefore, the chancery judge did not abuse his discretion in ruling on the motion to dismiss prior to ruling on Crater's motion to amend. Thus, we find this claim is without merit.

## CONCLUSION

¶17. We affirm the chancery court's grant of Mellon's motion for dismissal for failure to state a claim upon which relief can be granted against Crater and subsequent denial of Crater's motion to amend her complaint.

7

¶18.   **THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING.**